AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

**All funds on deposit in Washington Mutual Bank, Account #xxxxxx1252, in the name of MARCIA CAMPBELL**

## APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT

CASE NUMBER:

I, _____Debra L.  LaPrevotte_____ being duly sworn depose and say:

I am a(n)___Special Agent with the Federal Bureau of Investigation___ and have reason to believe
that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely  (describe the property to be seized)

> all funds on deposit in Washington Mutual Bank, account #xxxxxx1252, in the name of Marcia Campbell

which are (state one or more bases for seizure under the United States Code) funds that constitute proceeds traceable to a violation of Title 18, United States Code 1344 (bank fraud), and are therefore subject to seizure and forfeiture

concerning a violation of Title _18_ United States Code, Section(s) 981(a)(1)(C).  The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.   ☒ YES   ☐ NO

William R.  Cowden
Asset Forfeiture Unit, Criminal Division
(202) 307-0258

_____
Signature of Affiant
Debra L.  LaPrevotte, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

_____
Date

at Washington, D.C.

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT DEBRA L. LaPREVOTTE

DEBRA L. LaPREVOTTE,  being duly sworn, deposes and states as follows:

### INTRODUCTION

1.  I am a Special Agent employed by the Federal Bureau of Investigation (FBI).  I have been so employed for ten (10) years.  Currently, I am assigned to the Asset Forfeiture/ Money Laundering Squad in the FBI's Washington, D.C., Field Division (Northern Virginia Resident Agency).  My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal money laundering statutes, Title 18, United States Code, Sections 1956 and 1957, as well as violations of Title 18, United States Code, Sections 1341, mail fraud, 1343, wire fraud, 1344, bank fraud, and 1347, health care fraud.  I have received extensive training in Advanced Money Laundering Techniques and Complex Financial Manipulation.

2.  I am currently assisting Richard Espinosa with this investigation, a Detective with the Metropolitan Police Department, Washington, D.C.

3.  This affidavit is in support of a seizure warrant for all funds on account at Washington Mutual Bank, account #xxxxxx1252, in the name of Marcia Campbell, up to the amount of $223,560.  As set forth herein, there is probably cause to believe that such funds are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(C) because they constitute proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud).

4.  This affidavit is based on my own investigation, my review of e-mails and other records, as well as, information that I have learned through communications with witnesses and other law enforcement personnel.

5.  Because this affidavit is being submitted for the limited purpose of setting forth

probable cause, I have not included each and every fact known to me concerning this investigation.  I have set forth only those facts that I believe are sufficient to establish probable cause as to the forfeitability of funds and other things of value in the Washington Mutual Bank account identified above.

## PROBABLE CAUSE

6.  Marcia Campbell has been employed at the Pharmaceutical Research and Manufactures of America ("PhRMA") for the past six years.  Ms. Campbell's current job title is Director of Accounting.  PhRMA is a D.C. based trade association/lobbing group for the pharmaceutical industry, with offices located at 950 F Street N.W., Washington, D.C.

7.  On or about 10/10/06, PhRMA was contacted by one of its vendors, National Media, Inc., who inquired about a payment that it had not received.  Based on this call, PhRMA conducted an audit and found that the $73,560 that should have been transferred from its bank account at the Bank of America (a "financial institution" within the meaning of 18 U.S.C. § 20) to National Media, Inc., was actually transferred into the Washington Mutual Bank account #xxxxxx1252, belonging to Marcia Campbell.  This wire transfer occurred on July 25, 2006.  Ms. Campbell had access to the computer programs that permitted the improper diversion of the PhRMA funds that had been under the custody or control of the Bank of America.

8.  The audit disclosed that this was not the first such diversion of PhRMA's funds to Ms. Campbell's Washington Mutual Bank account.  On December 15, 2005, an additional transfer of $150,000, was wired to the Washington Mutual Bank account (#xxxxxx1252) belonging to Marcia Campbell.  These funds were supposed to be transferred to an account belonging to LETNOM Productions, Inc., another PhRMA vendor.

9.  Since May 12, 2004, Campbell has had her legitimate payroll income from PhRMA

deposited into her checking account, via direct deposit, at Washington Mutual Bank (#xxxxxx1252). Since December 15, 2005, this Washington Mutual account also has received at least $223,560 in funds stolen from PhRMA. These funds have been co-mingled with her work income.

10. Ms. Campbell has not sought to return the funds diverted from PhRMA vendor payments to her bank account. Instead, it appears that she maybe using such funds to acquire foreign assets. On about October 10, 2006, Ms. Campbell sent an email from her work computer to one "Edward Hanna." Mr. Hanna appears to be a real estate agent in Kingston, Jamaica. In this email, Ms. Campbell indicates that she had wired $59,000 to the Bank of Nova Scotia account for Edward Hanna & Company, to be applied to the closing costs on for the purchase of a property in Jamaica. The email also referenced a previous wire transfer of $15,650. The total purchase price of the property appears to be $73,722.85. The $59,000 wired to Jamaica appears to have been transferred from Citibank, where Ms. Campbell also maintains an account. Your affiant has reviewed a International Money Transfer document that indicates the flow of money from Citibank to the Bank of Nova Scotia in Jamaica.

11. I am advised that, in pertinent part, 18 U.S.C. § 984(b) provides:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution -
>
>> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

I am advised that, in essence, Section 984 allows the United States to seize for civil forfeiture

identical ("fungible") property found in the same place where the "guilty" property had been

kept.  See United States v. All Funds Presently on Deposit at American Express Bank, 832 F.

Supp. 542, 558 (E.D.N.Y. 1993).  I am further advised that the "fungibility" rule of Section 984

cannot reach back in time for an unlimited period.  Section 984(b) provides:  "No action pursuant

to this section to forfeit property not traceable directly to the offense that is the basis for the

forfeiture may be commenced more than 1 year from the date of the offense."

12.  I am advised that 18 U.S.C. § 981(b)(3), provides that "a seizure warrant may be

issued . . . by a judicial officer in any district in which a forfeiture action against the property may

be filed under Section 1355(b) of Title 28, *and may be executed in any district in which the*

*property is found . . . .*"  Accordingly, this District Court may issue and cause to be served in any

other district the requested seizure warrant.

**CONCLUSION**

13.  Based on the information contained in this affidavit, there is probable cause to

believe that Marcia Campbell knowingly caused at least $223,560 to be wired from the

PhRMA's Bank of America bank account to her personal account (#xxxxxx1252) at Washington

Mutual Bank.  Further, there is reason to believe that funds currently in her bank account at

Washington Mutual, up to an amount of (at least) $223,560, are the proceeds of her improper

scheme to obtain property owned by, or under the custody or control of the Bank of America, a

financial institution (bank fraud).  It is therefore respectfully requested that a seizure warrant be

issued for all funds in the Washington Mutual Bank account, up to the amount of $223,560.


_____
Debra LaPrevotte
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this_____day of October, 2006.


_____
United States Magistrate Judge